UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT SNEAD, | : | NO. 1:11-CV-127 |
| Petitioner, | : | |
| v. | : | **OPINION AND ORDER** |
| WARDEN, MADISON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 9) and Petitioner's Objection (doc. 12). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, GRANTS Respondent's Motion to Dismiss (doc. 6), and DISMISSES Petitioner's Petition (doc. 3) WITH PREJUDICE on the grounds that it is time-barred.

**I. Background**

A grand jury indicted Petitioner in January of 2001 for a violent home invasion upon a family in the early morning hours of January 1, 2001 (Id.). Petitioner ultimately entered a guilty plea to aggravated burglary, with firearm specification; to kidnapping; to felonious assault; and to other reduced charges of assault (Id.). The Court accepted Petitioner's guilty plea and found him guilty as to each offense, and later sentenced him to an aggregate sentence of twenty-one years (Id.).

Petitioner did not pursue a timely appeal of his

conviction or sentence (Id.). Some six years later, however, he filed a pro se motion to withdraw his guilty plea with the trial court (Id.). Such motion was rejected at the trial court and the appellate court affirmed (Id.). Petitioner sought no further appeal with the Ohio Supreme Court (Id.).

A year later, in December 2009, Petitioner filed a pro se petition to vacate or set aside judgment (Id.). The trial court denied such petition on the ground it lacked jurisdiction to consider it, as Petitioner did not timely file the petition in accordance with Ohio Rev. Code § 2953.21(A)(2) (Id.). The Court specifically noted that because the notice of the complete record was filed on April 14, 2008, Petitioner was required to file a post-conviction petition within 180 days, or by October 13, 2008 (Id.). Because Petitioner filed his petition on December 28, 2009, the court concluded he filed it "about one year and three months beyond the filing deadline" (Id.). The court further found Petitioner failed to demonstrate justification for his late petition or a change in law that would apply to him, so as to excuse his delay in filing the petition, in accordance with Ohio Revised Code § 2953.23 (Id.).

Six months later, Petitioner tried two more strategies. First, he filed a successive petition that the trial court also rejected (Id.). Petitioner eventually appealed such determination, but the appeals court rejected Petitioner's appeal as filed one day

2

too late (Id.). Second, Petitioner filed a motion for delayed appeal to the Ohio Court of Appeals, claiming he had failed to file a timely appeal due to medication he had been taking, that impaired his cognitive functions (Id.). The appeals court denied such motion, and on December 1, 2010, the Ohio Supreme Court denied Petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question" (Id.).

Petitioner filed the instant petition for writ of habeas corpus on March 1, 2011, alleging sixteen grounds for relief (Id.). Respondent filed a motion to dismiss with prejudice, contending the petition is barred from review by the one-year statute of limitations governing federal habeas petitions, set forth in 28 U.S.C. § 2244(d) (doc. 6). Petitioner opposes the motion to dismiss (doc. 7).

## II. Discussion

The Magistrate Judge issued her Report and Recommendation, in which she concluded Respondent's Motion to Dismiss should be granted (doc. 9). She found that because Petitioner's conviction became final on April 10, 2002, the one-year statute of limitations began running on April 11, 2002, and ended on April 11, 2003 (Id., citing 28 U.S.C. § 2244(d)(1)(A)). In the alternative, the Magistrate Judge found, at the very latest the statute of limitations began to run in October 2006, when Petitioner claims he discovered his trial counsel had not filed an

3

appeal on his behalf and was no longer representing his interests (Id.). Either way, his filing of the instant Petition, which he placed in the prison mail system on February 17, 2011, was simply too late (Id.). The Magistrate Judge further found that neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to extend the limitations period in this case (Id.). As such, she concluded Respondent's motion has merit and the Court should dismiss the petition with prejudice (Id.).

Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation (doc. 12), which the Court has reviewed. In such Objection, to his credit, Petitioner acknowledged his culpability for the home invasion, for restraining his victims, and for assaulting the victims with a stun gun (Id.). However, Petitioner denies that he ever attempted to assault the police officer that responded to the scene (Id.).

Petitioner's Objection fails to address the Magistrate Judge's conclusion that his Petition was filed out of time (doc. 12). Although he indicates he did his "absolute best on every filing," he concedes that "[i]n all honesty [he] had no idea what to do after [he] terminated" his attorney (Id.). Unfortunately for Petitioner such assertions do not constitute a legal basis for tolling of the statute of limitations in this matter. As the Magistrate Judge properly concluded, at the very latest, the

4

instant petition should have been filed by October 2007. The Court therefore lacks jurisdiction to consider the grounds asserted in his petition, which is time-barred under 28 U.S.C. § 2244(d).

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Accordingly the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 9) in all respects, GRANTS Respondent's motion to dismiss (doc. 6), and DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 3) WITH PREJUDICE on the ground that it is time-barred under 28 U.S.C. § 2244(d). The Court also DECLINES to issue a certificate of appealability with respect to all the claims alleged in the petition, which the Court concludes are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling. Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.

Dated: 9/4/12

/s/ Arthur Spiegel
United States Senior District Judge